**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3044
_____

EDWARD THOMAS KENNEDY,
                        Appellant

v.

COMMONWEALTH OF PENNSYLVANIA;
THOMAS WASSERMAN WOLF, in his official capacity and individual capacities

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 5-18-cv-03374)
District Judge: Honorable C. Darnell Jones, II
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 21, 2018

Before: KRAUSE, SCIRICA and NYGAARD, Circuit Judges

(Opinion filed: December 24, 2018)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Pro se appellant Edward Kennedy appeals from the District Court's dismissal of his complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). For the reasons that follow, we will affirm.

In August 2018, Kennedy sought leave in the United States District Court for the Eastern District of Pennsylvania to proceed in forma pauperis ("IFP") with a complaint wherein he named the Commonwealth of Pennsylvania and Governor Thomas Westerman Wolf as defendants.[1] Kennedy asked for damages as well as declaratory and injunctive relief as a result of defendants' alleged actions in connection with his arrests in June and August 2017, and his incarceration from August 28 through August 30, 2017. Kennedy claimed that his complaint presented a federal question, as well as causes of action for "trespass," "trespass on the case," "trespass on the case – vicarious liability," and "failure to provide a republican form of government."

After concluding that Kennedy was indigent for purposes of 28 U.S.C. § 1915, the District Court screened the complaint under § 1915(e)(2)(B) and ultimately dismissed it for failure to state a viable claim. This appeal followed.

We have jurisdiction under 28 U.S.C. § 1291. Our review of a dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is de novo. Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). "To survive a motion to dismiss, a complaint must contain sufficient factual

---

[1] Kennedy erroneously refers to the Governor as Thomas Wasserman Wolf, rather than Thomas Westerman Wolf.

2

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

For essentially the reasons set forth in its Memorandum Opinion, we agree with the District Court's dismissal of Kennedy's complaint for failure to state a claim. The Commonwealth of Pennsylvania is entitled to Eleventh Amendment immunity from claims under § 1983, and is not considered to be a "person" subject to liability for purposes of § 1983. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 65-66 (1989). With respect to Governor Wolf, the District Court properly concluded that vicarious liability is inapplicable to § 1983 actions. See Iqbal, 556 U.S. at 676 (citing Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 691 (1978)). Given that the complaint is devoid of any plausible suggestions that Governor Wolf either maintained a policy or custom which caused Kennedy the alleged harm or that Governor Wolf had any personal involvement in the referenced events, the District Court was correct to conclude that he failed to state a viable claim. See Barkes v. First Corr. Med., Inc., 766 F.3d 307, 316 (3d Cir. 2014), rev'd on other grounds, Taylor v. Barkes, 135 S. Ct. 2042 (2015). We further agree that Kennedy's claims regarding the incidents of June and August 2017 are duplicative of those asserted in Kennedy v. Hanna, E.D. Pa. Civ. No. 18-cv-00977. The District Court's dismissal, without prejudice, of the claims involving the incidents of

June and August 2017 specifically allows Kennedy to proceed with those claims in E.D. Pa. Civ. No. 18-cv-00977, which is pending before the same District Court judge.[2]

Kennedy appears to be arguing in his Informal Brief that the District Court exceeded its "jurisdiction or authority" by dismissing his complaint under § 1915(e)(2)(B)(ii).  See Informal Br. at 1-2, 6.  However, the District Court had jurisdiction over Kennedy's complaint pursuant to 28 U.S.C. §§ 1331 and 1367.  Given the conclusions of the District Court's screening, dismissal of the complaint was proper under § 1915(e)(2)(B)(ii).  The remaining conclusory allegations in Kennedy's brief are baseless and do not warrant further discussion.

Accordingly, we will affirm the judgment of the District Court.

---

[2] The District Court did not err in denying leave to amend.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).